# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TAMMY R.,<br><br>       Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>       Defendant. | CASE NO. C19-5936-MAT<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Insurance (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1967.[1] She completed high school and some college. (AR 39.) She does not have past relevant work. (AR 24.)

Plaintiff filed for DIB and protectively for SSI on February 14, 2017, alleging disability beginning June 30, 2000. (AR 16, 75.) The application was denied initially and on reconsideration.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

1  ALJ Allen G. Erickson held a hearing on December 4, 2018, taking testimony from plaintiff and a vocational expert (VE). (AR 33-70.) On January 3, 2019, the ALJ issued a decision finding plaintiff not disabled. (AR 16-26.) The ALJ noted plaintiff's amended alleged onset date of February 14, 2017 and withdrawal of her DIB application.

Plaintiff timely appealed. The Appeals Council denied the request for review on August 6, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in SGA since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's major depressive disorder and generalized anxiety disorder severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform a full range of work at all exertional levels, with non-exertional limitations. She can understand, remember, and apply short, simple instructions. She can make simple decisions and perform routine tasks, but not in a fast-paced, production type environment. She can withstand exposure to occasional

workplace changes. She can occasionally interact with the general public and co-workers. Because plaintiff had no past relevant work, the ALJ proceeded to step five.

At step five, the burden shifts to the Commissioner to demonstrate the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the VE's assistance, the ALJ found plaintiff able to perform other jobs, such as work as a marker, garment sorter, and laundry sorter, and therefore not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff avers error in the consideration of the medical opinion evidence. She requests remand for further proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

<u>Medical Opinion of Jeremy Senske, Psy.D.</u>

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another

ORDER
PAGE - 3

doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoted source omitted). Where contradicted, the opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted). Plaintiff argues the ALJ committed harmful error by rejecting the opinion of examining psychologist Jeremy Senske, Psy.D.

Plaintiff was evaluated by Dr. Senske on July 1, 2017. (AR 689-92.) Dr. Senske reviewed records and conducted a mental health examination. He found plaintiff's ability to reason "somewhat impaired at this time due to significant anxiety, poor processing, and poor tracking." (*Id*.) He found plaintiff not able to sustain concentration and persistence over lengthy periods of time because of difficulties with understanding and memory due to anxiety and severe depression. Dr. Senske evaluated plaintiff as impaired in social interaction and adaptive abilities related to her struggle to engage in activities and retain new information.

The ALJ gave "only some weight" to Dr. Senske's "somewhat vague" opinion, noting the psychologist gave no opinion on the specific degree of limitations in plaintiff's mental functioning. (AR 24.) While the ALJ found Dr. Senske's opinion consistent with plaintiff's abnormal mental status examination (MSE) findings during the psychologist's evaluation, those findings contrasted with plaintiff's generally normal mental functioning throughout her treatment history. The ALJ gave more weight to those historical treatment notes because they were prepared in accordance with treatment for "actual complaints of symptoms, rather than findings in a consultative exam that was performed solely for purposes of assessing the claimant's entitlement to supplemental security income." (*Id*.) The also found Dr. Senske's opinion inconsistent with records showing plaintiff's improvement and positive response to treatment.

Plaintiff argues the ALJ's reasoning lacks substantial evidence support. Plaintiff disputes

ORDER
PAGE - 4

the ALJ's conclusion that Dr. Senske's MSE is contradicted by similar examinations in her medical history. The Court, however, finds the ALJ's characterization well-supported. The ALJ specifically cited a Mental Health Progress Note from Aberdeen Mental Health just a few weeks after Dr. Senske's evaluation which noted plaintiff's presentation "in a euthymic mood which is a change from her prior sessions where she presented as nervous, high anxiety and depression". (AR 697.) Several months before Dr. Senske's evaluation, plaintiff presented to SeaMar Community Health Center Mental Health Services with "a friendly manner, with good eye contact, normal rate of speech, appropriate affect and euthymic mood". (AR 711-12, 714-15.) In 2018, plaintiff presented to SeaMar Aberdeen as "able to articulate well with normal speech/language, rate, volume and coherence, associations are intact, no evidence of hallucinations, delusions, obsessions or homicidal/suicidal ideation and displays ability to recall recent and remote events and fund of knowledge is intact." (AR 734.) Records from the Olympia Multi-Specialty Clinic in 2018 record "normal judgment and insight. Oriented to recent, remote memory. Mood is normal." (AR 921). These findings were in fact contradictory to Dr. Senske's evaluation.

"Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion." 20 C.F.R. § 416.927(c)(4). While plaintiff urges another interpretation of these treatment records, the ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Plaintiff also disputes the ALJ's characterization of Dr. Senske's opinion as vague, but the ALJ reasonably found Dr. Senske's opinion plaintiff was "somewhat impaired" to lack sufficient specificity to reliably assist the evaluation of plaintiff's functional capacity. Plaintiff suggests this

ORDER
PAGE - 5

rationale is inconsistent with the ALJ's duty "to develop evidence" (Dkt. 8 at 3). However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Plaintiff fails to show the opinion was ambiguous or the record insufficient for a decision.

Finally, plaintiff contends it was inappropriate for the ALJ to assign less weight to Dr. Senske's opinion because he was a one-time examiner. On the one hand, in considering the weight to afford a medical opinion, an ALJ may consider the extent to which a medical source is familiar with the other information in a claimant's record. 20 C.F.R. § 416.927(c)(6). On the other hand, the mere fact a medical source examined a claimant only once does not alone serve as a legally sufficient basis to reject a medical opinion. *See, e.g.*, *Brown v. Berryhill*, C17-1470, 2018 U.S. Dist. LEXIS 158247 at *14 (W.D. Wash. Sep. 17, 2018); *Ford v. Berryhill*, C17-1343, 2018 U.S. Dist. LEXIS 72244 at *5-6 (W.D. Wash. Apr. 30, 2018); *Gopher v. Comm'r of Soc. Sec.*, 281 F. Supp. 3d 1102, 1110 (E.D. Wash. 2017); *Lopez v. Colvin*, 194 F. Supp. 3d 903, 917 (D. Ariz. July 11, 2016). *See also* 20 C.F.R. § 416.927(c).

Impermissible reliance on the fact of a one-time examination may, however, be found harmless where the ALJ provides other adequate reasons for rejecting a doctor's opinion. *Brown*, 2018 U.S. Dist. LEXIS 158247 at *14-18. *See also Gopher*, 281 F. Supp. 3d at 1111-12 (three erroneous reasons harmless given three other germane reasons offered for rejecting social worker's opinion); *Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1194 (E.D. Wash. 2009) (three erroneous reasons for rejecting physicians' opinions harmless given provision of two adequate reasons). That is, an ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). *See also*

*Carmickle*, 533 F.3d at 1162-63 (where ALJ provides valid reasons supporting an assessment and substantial evidence supports the conclusion, an error in the assessment may be deemed harmless). In this case, the ALJ provided other valid reasons for rejecting Dr. Senske's opinions, finding it insufficiently specific with regard to plaintiff's mental functioning and contradicted by plaintiff's medical history. These findings serve as specific and legitimate reasons sufficient for the ALJ's evaluation of the opinion of Dr. Senske.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 3rd day of March, 2020.

Mary Alice Theiler
United States Magistrate Judge